UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHELLE DANIELS, on Behalf of Herself and on Behalf of All Others Similarly Situated,<br><br>　　　Plaintiff,<br><br>V.<br><br>REYNOLDS NATIONWIDE, INC.,<br><br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. : 4:22-cv-3178<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**COLLECTIVE ACTION & JURY DEMAND**

1.　Defendant Reynolds Nationwide, Inc. ("Defendant") required Plaintiff Michelle Daniels ("Plaintiff") to work more than forty hours in a workweek without overtime compensation. Defendant misclassified Plaintiff and other similarly situated workers throughout the United States as exempt from overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2.　Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a). On behalf of herself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "FLSA Class Members."

**SUBJECT MATTER JURISDICTION AND VENUE**

3.　This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District because a Defendant does a significant portion of its business in this District and many of the wrongs herein alleged occurred in this District.

5. Plaintiff worked for Defendant in this District at Defendant's Humble, Texas facility.

## PARTIES AND PERSONAL JURISDICTION

6. Plaintiff Michelle Daniels is an individual residing in Harris County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit A. Plaintiff performed work for Defendant within the last three years for which she did not receive the FLSA's required overtime.

7. The FLSA Class Members are all current and former dispatchers, and all employees in substantially similar positions, that worked at any time during the three-year period before the filing of this Complaint.

8. Defendant Reynolds Nationwide, Inc. is a corporation organized under the laws of Texas. Defendant may be served process through its registered agent Ronald Bair at 14711 Pebble Bend, Houston, Texas 77068.

## COVERAGE

9. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

10. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

11. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

12. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

13. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

## FACTS

14. Defendant Reynolds Nationwide, Inc. is a trucking company that hauls a variety of goods across the country, including milk, grain, and oil.

15. Defendant has terminals in Texas, Ohio, Illinois, and New Hampshire.

16. Plaintiff worked for Defendant as a dispatcher from approximately June of 2019 to April of 2022.

17. Plaintiff worked for Defendant at Defendant's Humble, Texas terminal.

18. As a dispatcher, Plaintiff was responsible for communicating with the Defendant's drivers to track the location of their trucks as they made their trips across the country.

19. Plaintiff's typical work schedule was 4 days on followed by 4 days off.

20. Plaintiff worked the night shift, which entailed a twelve-hour work shift followed by additional time to perform a shift changeover and submit any necessary paperwork.

21. Plaintiff's work schedule required she work at least eight hours of overtime per week.  She often worked even more.

22. For her labor, Defendant paid Plaintiff a salary but did not pay her overtime.

23. Defendant employs other dispatchers in Texas and elsewhere in the United States that it also classifies as exempt and fails to pay overtime.

24. No exemption in the FLSA law shelters Defendant from paying overtime to its dispatchers.

25. Dispatchers do not supervise other employees or manage a customarily recognized department of Defendant's company.

26. Dispatchers have no authority to hire or fire other employees.

27. Dispatchers are field employees, not office employees. They perform work related to Defendant's core business, not the management of the company's operations.

28. The primary duty of a dispatcher does not require independent judgment or discretion. Instead, dispatchers are required to carry out their work according to detailed step-by-step procedures promulgated by Defendant which are typically form driven.

29. Dispatchers are not computer-systems analysts, computer programmers, software engineers, or other similar employees.

30. Despite these facts, Defendant misclassified its dispatchers as exempt from overtime pay.

31. As a result of Defendant's pay policies, Plaintiff and other dispatchers were denied overtime pay.

32. All of Defendant's dispatchers are paid on a salary basis without overtime.

33. All of Defendant's dispatchers perform the same general duties.

34. Defendant knew, or showed reckless disregard for whether Plaintiff and the other dispatchers were entitled to overtime pay under the law.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

35. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

36. Defendant's practice of failing to pay Plaintiff time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

37. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant, Plaintiff, or the FLSA Class Members.

## **COLLECTIVE ACTION ALLEGATIONS**

38. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

39. Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendant's misclassification of its employees.

40. Plaintiff's knowledge is based on her personal work experience and through communications with other workers of Defendant. Plaintiff personally worked with other dispatchers under the same compensation structure for Defendant.

41. Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States, but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

42. Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours in a workweek, Defendant denied them full compensation for their hours worked over forty (40).

43. Defendant misclassified and continues to misclassify FLSA Class Members as exempt employees.

44. FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as exempt by Defendant.

45. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

46. As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees and/or the denial of overtime pay.

47. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of any FLSA Class Member.

48. The experiences of Plaintiff, with respect to her pay, hours, and duties are typical of the experiences of the FLSA Class Members.

49. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

50. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

51. Although the exact amount of damages may vary among the FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all FLSA Class Members.

52. Defendant's conduct was willful and/or with reckless disregard of the FLSA.

53. Defendant did not act in good faith.

54. As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> All current and former dispatchers, and all employees with substantially similar duties, who worked for Defendant at any time during the three-year period before the filing of this Complaint.

## JURY DEMAND

55.     Plaintiff and Class Members hereby demand trial by jury on all issues.

## PRAYER

56.     For these reasons, Plaintiff prays for:

 a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all dispatchers and all similarly situated employees to permit them to join this action by filing a written notice of consent;

 b. A judgment against Defendant awarding Plaintiff and the FLSA Class Members all their unpaid overtime compensation and liquidated damages;

 c. An order awarding attorneys' fees and costs;

 d. Such other and further relief as may be necessary and appropriate.

                                                Respectfully submitted,

                                                By: */s/ John Neuman*
                                                John Neuman
                                                SOSA-MORRIS NEUMAN, PLLC
                                                JNeuman@smnlawfirm.com
                                                Texas State Bar No. 24083560
                                                5612 Chaucer Drive
                                                Houston, Texas 77005
                                                Telephone: (281) 885-8844
                                                Facsimile: (281) 885-8813

                                                ATTORNEY IN CHARGE FOR PLAINTIFF